IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SEAN REDDISH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:12-CV-148 (WLS) |
| | : | |
| CITY OF ALBANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

Presently pending before the Court is City of Albany's Motion to Open Default and for Leave to File Answer (Doc. 9). For the following reasons Defendant's Motion to Open Default and for Leave to File Answer is **GRANTED**.

Defendant moves the Court to set aside any Entry of Default and allow Defendant to file an Answer in this action. Defendant failed to file an Answer in this action following service on the Mayor of Albany on December 11, 2012. (Doc. 9 at 2.) Defendant states that the Mayor does not have recollection of the purported service and no other official of Defendant has knowledge of the service. (*Id.*) Defendant states that it first became aware of the service on February 7, 2013, following a conversation with Plaintiff's counsel regarding an unrelated case. (*Id.*) Defendant states that "proper service" upon the City of Albany would have required an Answer or other responsive pleading to be filed on or before December 31, 2012.[1] (*Id.* at 3.) Defendant filed the instant motion on February 15, 2013, forty-six days after the purported Answer deadline. To date, Plaintiff has not requested that the clerk enter a default.

---

[1] Defendant does not concede the sufficiency of process. (Doc. 9 at 2 n.1.)

1

Defendant contends that the default in the instant case should be opened because 1) the default was not willful, and when Defendant learned of the default, it acted promptly to remedy the situation; 2) the City has meritorious defenses, including the fact that Plaintiff's current complaint, as pleaded, fails to state a claim for race discrimination; and 3) Plaintiff will suffer no prejudice if the default is opened. Defendant also points out that Plaintiff did not request that the clerk enter a default and has not moved the Court for a default judgment.  Finally, Defendant asserts, that in the alternative, its "excusable neglect" provides the "good cause" for extending the time to Answer under Federal Rule of Civil Procedure 6(b)(1).

Plaintiff opposes Defendant's Motion on the grounds that Defendant's neglect does not qualify as "excusable" for the purpose of Federal Rule of Civil Procedure 60(b) since Defendant has not shown that it had in place the "minimum procedural safeguards" to ensure that summons and complaint were not overlooked.  (Doc. 16.) Thus, Plaintiff contends that the Court should deny the application to set aside the default.

In reply, Defendant notes that Rule 60 does not apply since a default judgment has not been entered.  (Doc. 19.)  On the contrary, Defendant contends that the proper standard to be applied is Rule 55(c)'s "good cause" standard, which is a less rigorous standard than Rule 60(b)'s "excusable neglect" standard.  Nevertheless, despite arguing that Rule 60 does not apply, Defendant notes that it does, indeed, have procedures in place for ensuring that legal documents are forwarded to the City Attorney.

As noted by Defendant, because a default judgment has not been entered in this case, Rule 55(c), which states that "[t]he court may set aside an entry of default for good cause," is the proper vehicle for considering whether the instant default should be set

2

aside.[2] It is important to distinguish between entry of a default and a default judgment because "[t]he excusable neglect standard that courts apply in setting aside a *default judgment* is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (emphasis added).

In determining whether good cause exists, the Court is guided by the principle that "'good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citations and quotations omitted). Though there is no "precise formula" for determining whether good cause exists, courts generally consider the following nonexclusive factors in determining whether to set aside a default: (1) "'whether the default was culpable or willful' 'which entails an assessment of the plausibility of the defaulting party's excuse'"; (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," and (4) "whether the defaulting party acted promptly to correct the default." *Hinson v. Webster Indus.*, 240 F.R.D. 687, 690 (M.D. Ala. 2007) (quoting *Compania Interamericana*, 88 F.3d at 951) (additional citations omitted). The aforementioned factors are not, however, "talismanic" and "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Compania*

---

[2] Even though the clerk has not entered a default as is required by Federal Rule of Civil Procedure 55(a), actual entry of a default is "simply an official recognition of the fact that one party is in default." *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, No. 6:09-cv-1968, 2010 WL 1002648, at *3 (M.D. Fla. Mar. 18, 2010) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice & Procedure § 2962 (3d ed.2009)).

*Interamericana*, 88 F.3d at 951. "Judgments by default are not generally favored; hence, as a general proposition, any doubts should be resolved in favor of permitting a hearing on the merits." *Id.* (citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).

Though Plaintiff has argued for the "excusable neglect" standard, as noted above, the Court need not apply such a rigorous standard. Therefore, applying Rule 55(c)'s "good cause" standard, the Court finds that the default should be set aside. A review of the record indicates that there is no evidence to indicate that Defendant's default was willful; the facts show the complaint and summons were somehow overlooked, an oversight that Defendant promptly sought to rectify once it was discovered. Plaintiff does not dispute that Defendant has a meritorious defense, and as to the prejudice, Plaintiff makes no showing in this regard.[3] Accordingly, the Court finds that Defendant has met its burden of showing that "good cause" exists for setting aside the default.

For good cause shown, Defendant's Motion is (Doc. 16) is **GRANTED**. The Clerk is directed to open any default in this matter. Defendant also moved for leave to answer Plaintiff's Complaint (Doc. 1). However, in response to the Motion to Dismiss that Defendant filed contemporaneously with its Motion to Open Default (*see* Doc. 10), Plaintiff moved to amend his Complaint (*see* Doc. 18). Defendant does not oppose this motion. (Doc. 20.) Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 18) is

---

[3] The Court finds that there would be no prejudice to Plaintiff since Defendant's default is on a Complaint that Plaintiff has conceded, as currently pleaded, fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *see, e.g., Saint-Gobain Autover USA, Inc. v. FUYAO Glass Indus. Group Co., LTD.*, No. 05-71079, 2005 WL 3454402, at *1 (E.D. Mich. Dec. 16, 2005) (granting motion to set aside default on the grounds that "there appears to be no prejudice to Plaintiff in setting aside the entry of default, particularly because the default was entered on a Complaint which is now a nullity because it was later amended").

**GRANTED**, and upon filing of Plaintiff's amended complaint, Defendant is directed to *timely* file a responsive pleading to the same, in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.

**SO ORDERED**, this  7th  day of May, 2013.

/s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**